J-S65037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
|---|---|
| Appellee | PENNSYLVANIA |
| v. | |
| GREGORY LEE WILSON, | |
| Appellant | No. 339 WDA 2016 |

Appeal from the PCRA Order October 2, 2015
in the Court of Common Pleas of Warren County
Criminal Division at No.: CP-62-CR-0000043-2010

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:          **FILED: September 23, 2016**

Appellant, Gregory Lee Wilson, appeals, *pro se*, from the order of October 2, 2015, dismissing, without a hearing, his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without applicable exception, we affirm.

In an earlier appeal, the trial court summarized the factual and initial procedural history of this case as follows:

> The Commonwealth charged [Appellant] at Warren County docket number CR 43 of 2010 with one (1) count of [f]ailure to [c]omply with [r]egistration of [s]exual [o]ffenders

_____

[*] Retired Senior Judge assigned to the Superior Court.

[r]equirements,[1] and at docket number CR 117 of 2010 with two [] counts [of p]ossession with [i]ntent to [d]eliver [a controlled substance], four [] counts [of c]riminal [u]se of a [c]ommunications [f]acility, and one [] count [of p]ossession [] [s]mall [a]mount of [m]arijuana. On March 29, 2010, [Appellant pleaded] guilty to one [] count [of f]ailure to [c]omply with [r]egistration of [s]exual [o]ffenders [r]equirement[s] at docket number CR 43 of 2010 and one [] count [of p]ossession with [i]ntent to [d]eliver [a controlled substance] at docket number CR 117 of 2010. The [Commonwealth] moved to *nolle prosqui* [sic] the remaining charges. [On April 19, 2010, the trial court] sentenced [Appellant to an aggregate term of incarceration of not less than fifty months nor more than one hundred twenty months].

[Appellant] filed a [m]otion for [r]econsideration of [s]entence which [the trial court] denied on May 14, 2010. . . .

(Trial Court Opinion, 4/15/14, at 1) (quotation marks omitted).

Appellant did not file a direct appeal. However, subsequently, Appellant filed several unsuccessful PCRA petitions.

On March 18, 2015, Appellant, acting *pro se*, filed the instant PCRA petition. On September 9, 2015,[2] the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. **See** Pa.R.Crim.P. 907(1). On October 2, 2015, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed. On

_____

[1] In 1989, Appellant was convicted of rape and related sexual offenses. Thus, he was subject to lifetime sexual offender registration. (**See** Commonwealth's Brief, at 5, 10, 12).

[2] It appears that during the pendency of the instant PCRA petition, Appellant filed a motion to compel the PCRA court to act on the petition with this Court. On August 27, 2015, this Court directed the PCRA court to act on the petition within sixty days.

November 6, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). This Court has been unable to locate Appellant's Rule 1925(b) statement. However, on March 1, 2016, the PCRA court issued an opinion, which specifically references such a statement and does not describe it as untimely, so we will deem it filed timely. (**see** Trial Court Opinion, 3/01/15, at unnumbered page 1); **see also** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Whether [A]ppellant's conviction was under 2004 Pa. Laws § [] 1243, No. 152 (Act 152) in [sic] opposed to Act 178 of 2006; whereas, Appellant maxed out his term prior to the enactment of Act 178, Act 152 of 2004 was deemed unconstitutional December 16, 2013?

2. Whether newly discovered information and/or evidence must be filed within sixty days [Appellant] came into knowledge of the newly discovered information and/or evidence pursuant to § [] 9545 [sic]?

(Appellant's Brief, at 3).

Appellant appeals from the denial of his serial PCRA petition. To be eligible for relief pursuant to the PCRA, Appellant must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). Our standard of review for an order denying PCRA relief is well settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and

these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

In the instant matter, Appellant filed his PCRA petition on March 18, 2015. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Appellant's sentence became final on June 13, 2010, thirty days after the trial court denied his motion for reconsideration of sentence and Appellant did not file a direct appeal with this Court. *See id.*; Pa.R.A.P. 903(a). Therefore, Appellant had one year, until June 13, 2011, to file a timely PCRA petition. Because Appellant did not file this petition until March 18, 2015, the petition is facially untimely. Thus, to obtain PCRA relief, he must plead and prove that his claim falls under one of the statutory exceptions to the one-year time bar provided at section 9545(b). *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully pleads and proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant contends that he qualifies under the newly discovered facts exception. (*See* Appellant's Brief, at 7). However, Appellant's "fact" consists of the Pennsylvania Supreme Court's decision in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), which declared Act 152, which included the relevant Megan's Law III provisions, unconstitutional. (*See id.* at 6-7).

- 5 -

It is well-settled that a new judicial opinion does not constitute a newly discovered fact for purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii). ***See Commonwealth v. Watts***, 23 A.3d 980, 987 (Pa. 2011). In fact, "[o]ur Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations omitted). In ***Watts***, our Supreme Court stated:

> Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule. Put another way, A 'fact,' as distinguished from the 'law,' . . . [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law. Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

***Watts***, ***supra*** at 986-87 (some quotation marks and citations omitted). Thus, the Pennsylvania Supreme Court's decision in ***Neiman*** cannot constitute a newly discovered fact. ***See Watts***, ***supra*** at 987; ***Cintora***, ***supra*** at 763.

Moreover, even if we were to hold that the ***Neiman*** decision constituted a newly discovered fact, Appellant's claim would fail because he did not file the instant PCRA petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). To comply with

the sixty-day requirement, Appellant had to file his petitions within sixty days from the date of the court's decision, not sixty days from the date he became aware of the decision. *See Cintora*, *supra* at 763-64. The Pennsylvania Supreme Court's filed its decision in *Neiman* on December 16, 2013. Appellant filed his petition on March 18, 2015, over one year later. Thus, the petition was untimely on this basis as well.

Therefore, because the record demonstrates that Appellant's PCRA petition is untimely with none of the statutory exceptions to the time bar proven,[3] we affirm the order of the trial court dismissing Appellant's serial PCRA petition.

Order affirmed.

_____

[3] Even if Appellant had attempted to claim an exception under § 9545(b)(1)(iii) and had brought his claim within sixty days of the *Neiman* decision, his claim would have failed because he has not proven that a "constitutional right" recognized in *Neiman* "has been held by [our Supreme Court] to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Our review of *Neiman* confirms that our Supreme Court did not direct that the decision was to apply retroactively. Moreover, the *Neiman* decision did not discuss the effects of its ruling on cases that had become final before it was decided. Thus, it cannot be said that the right asserted by Appellant "has been held by [our Supreme Court] to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Therefore, Appellant has not met the requirements of Section 9545(b)(1)(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2016